# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
MARIE KNIGHT,

                              Plaintiff,

      -against-

DOLLAR TREE STORES, INC. and DOLLAR TREE-
STORE #6153,

                            Defendants.
-----------------------------------------------------------------------X

Index #
Date of filing:

Plaintiff designates
Kings County as the
place of trial

Basis of the venue is
Plaintiff's Residence

**SUMMONS**

Plaintiff resides at:
85 Tompkins Avenue
Brooklyn, NY 11206

County of Kings

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

**DEFENDANTS' ADDRESS:**
DOLLAR TREE STORES, INC.
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, NY 12207-2543

DOLLAR TREE-STORE #6153
1720 Atlantic Avenue
Brooklyn, NY 11226

Dated: Brooklyn, New York
        July 23, 2019

**PLAINTIFF'S ATTORNEYS:**
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
(718) 522-1020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
MARIE KNIGHT,

        Index No.:

        Plaintiff,

-against-

**VERIFIED COMPLAINT**

DOLLAR TREE STORES, INC. and DOLLAR TREE-
STORE #6153,

        Defendants.
-----------------------------------------------------------------X

        Plaintiff by her attorneys, **RUBENSTEIN & RYNECKI, ESQS.**, complaining of the defendants herein, upon information and belief, respectfully shows to this Court, and allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF MARIE KNIGHT

1. That at all times hereinafter mentioned, plaintiff **MARIE KNIGHT** was and still is a resident of the County of Kings, City and State of New York.

2. That on June 12, 2019, and at all times herein mentioned, defendant, **DOLLAR TREE STORES, INC.**, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. That on June 12, 2019, and at all times herein mentioned, defendant, **DOLLAR TREE STORES, INC.**, was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That on June 12, 2019, and at all times herein mentioned, defendant, **DOLLAR TREE**

STORES, INC., was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

5. That on June 12, 2019, and at all times herein mentioned, defendant, **DOLLAR TREE STORES, INC.**, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

6. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, conducted business and maintained offices within the State of New York.

7. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, was and still is a foreign business corporation, duly authorized to do business in the State of New York.

8. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, maintained its principal place of business at 80 State Street, Albany, NY 12207-2543.

9. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, committed a tortious act within the State of New York.

10. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, regularly does, or solicits, business in the State of New York.

11. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE STORES, INC.**, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

12. That on June 12, 2019, and at all times hereinafter mentioned, defendant, **DOLLAR TREE-STORE #6153**, was and is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That on June 12, 2019, and at all times hereinafter mentioned, defendant, **DOLLAR TREE-STORE #6153**, was and is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, was and is a business entity duly organized and existing under and by virtue of the laws of the State of New York.

15. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, was and is a corporation and/or business entity duly licensed to transact business in the State of New York.

16. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, conducted business and maintained offices within the State of New York.

17. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, was and still is a domestic business, duly authorized to do business in the State of New York.

18. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, maintained its principal place of business at 1720 Atlantic Avenue, Brooklyn, NY 11213.

FILED: KINGS COUNTY CLERK 08/09/2019 11:53 AM
NYSCEF DOC. NO. 1

Case 1:20-cv-00036 Document 1-2 Filed 01/02/20 Page 6 of 14 PageID #: 13
INDEX NO. 517543/2019
RECEIVED NYSCEF: 08/09/2019

19. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, committed a tortious act within the State of New York.

20. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, regularly does, or solicits, business in the State of New York.

21. That on June 12, 2019, and at all times hereinafter mentioned, the defendant, **DOLLAR TREE-STORE #6153**, received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

22. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, managed the premises located at 1720 Atlantic Avenue, in the County of Kings, City and State of New York.

23. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, managed the premises located at 1720 Atlantic Avenue, in the County of Kings, City and State of New York.

24. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly managed the premises located at 1720 Atlantic Avenue, in the County of Kings, City and State of New York.

25. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, maintained the aforesaid premises.

26. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, maintained aforesaid premises.

27. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly maintained the aforesaid premises.

28. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, operated the aforesaid premises.

29. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, operated aforesaid premises.

30. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly operated the aforesaid premises.

31. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, controlled the aforesaid premises.

32. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, controlled the aforesaid premises.

33. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly controlled the aforesaid premises.

34. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, supervised the aforesaid premises.

35. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, supervised the aforesaid premises.

36. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly supervised the aforesaid premises.

37. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, inspected the aforesaid premises.

38. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, inspected the aforesaid premises.

39. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly inspected the aforesaid premises.

40. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE STORES, INC.**, managed, maintained, operated, controlled, supervised and inspected the aforesaid premises.

41. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, the defendant, **DOLLAR TREE-STORE #6153**, managed, maintained, operated, controlled, supervised and inspected the aforesaid premises.

42. That on June 12, 2019, and at all times hereinafter mentioned, and upon information and belief, defendants, **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**, jointly managed, maintained, operated, controlled, supervised and inspected the aforesaid premises.

43. The plaintiff, **MARIE KNIGHT**, was a patron at the aforesaid premises managed by defendants **DOLLAR TREE STORES, INC.** and **DOLLAR TREE-STORE #6153**.

44. That on June 12, 2019, and at all times hereinafter mentioned, the plaintiff, **MARIE KNIGHT** was lawfully inside the aforementioned premises known as 1720 Atlantic Avenue, Brooklyn, NY 11213.

45. That on June 12, 2019, and at all times hereinafter mentioned, the plaintiff, **MARIE KNIGHT** was lawfully present inside the premises with the knowledge, permission and consent of the defendants.

46. That on June 12, 2019, the plaintiff was lawfully inside the aforesaid premises, when she was caused to trip and fall over negligently placed and hazardous merchandise thereat.

47. The above mentioned occurrence and the results thereof were caused by the negligence of the defendants and/or defendants' servants, agents, employees and/or licensees in the operation, management, maintenance, control, supervision and inspection of the aforesaid premises; in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive,

in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in causing, allowing and permitting the placing of a merchandise in such a manner that it did not permit sufficient area for customers to walk thereat without a warning sign at the aforesaid premises; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

48. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

49. That because of the above stated negligence, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was

and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

50. This action falls within one or more of the exceptions set forth in CPLR§ 1602.

51. That as a result of the defendants' negligence as aforesaid, this plaintiff, **MARIE KNIGHT**, sustained damages in an amount exceeding the jurisdictional limits of all the lower Courts.

**WHEREFORE**, plaintiff, **MARIE KNIGHT**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts, on the **First Cause of Action**; together with attorneys' fees and the costs and disbursements of this action.

DATED: Brooklyn, New York
July 23, 2019

Yours etc.,

SCOTT RYNECKI, ESQ.
**RUBENSTEIN & RYNECKI, ESQS.**
*Attorneys for Plaintiff*
**MARIE KNIGHT**
16 Court Street Suite 1717
Brooklyn, New York 11241
(718) 522-1020

## VERIFICATION BY AFFIDAVIT

STATE OF NEW YORK, COUNTY OF KINGS ss:

**MARIE KNIGHT**, being duly sworn, says:

I am a Plaintiff In the action herein: I have read the annexed

_Complaint_

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my personal files.

Dated: Brooklyn, New York
8-9 , 2019

_____
MARIE KNIGHT

Subscribed and sworn to before me
this 9th day of August, 2019

_____
NOTARY PUBLIC

ALEXANDRA BELENKAYA
Commissioner of Deeds, City of New York
No. 4-10127
Certificate Filed in Kings County
Term Expires April 1, 2020

11

| | |
|---|---|
| === NOTICE OF ENTRY === | SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF KINGS |
| PLEASE take notice that the within is a (*certified*) true copy of a<br>duly entered in the office of the clerk of the within named court on<br><br>Dated, | MARIE KNIGHT,<br><br>Plaintiff,<br><br>-against-<br><br>DOLLAR TREE STORES, INC. and DOLLAR TREE-STORE #6153,<br><br>Defendants. |
| Yours, etc.<br><br>**RUBENSTEIN & RYNECKI ESQS.**<br>*Attorneys for*<br><br>*Office and Post Office Address*<br>**16 COURT ST.**<br>**BROOKLYN, N.Y. 11241** | **SUMMONS AND VERIFIED COMPLAINT** |
| To<br><br>Attorney(s) for | Signature (Rule 130-1.1-a)<br><br>Print name beneath |
| === NOTICE OF SETTLEMENT ===<br>PLEASE take notice that an order<br><br>of which the within is a true copy will be presented for settlement to the Hon.<br><br>one of the judges of the within named Court, at<br><br>on<br>at          M.<br>Dated, | **RUBENSTEIN & RYNECKI ESQS.**<br>*Attorneys for*<br><br>*Office and Post Office Address, Telephone*<br>**16 COURT ST.**<br>**BROOKLYN, N.Y. 11241**<br>**(718) 522-1020** |
| Yours, etc.<br><br>**RUBENSTEIN & RYNECKI ESQS.**<br>*Attorneys for*<br><br>*Office and Post Office Address*<br>**16 COURT ST.**<br>**BROOKLYN, N.Y. 11241** | To<br><br>Attorney(s) for<br><br>Service of a copy of the within is hereby admitted.<br>Dated<br><br>..................................................<br><br>Attorney(s) for |
| To<br><br>Attorney(s) for | |

1500 – **Blumberg**Excelsior Inc., NYC 10013

DOS470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

US POSTAGE
$ 004.80

Return Services Requested

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*USPS CERTIFIED MAIL*

**USPS CERTIFIED MAIL**



9214 8969 0059 7931 2064 57

201909090020
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY,12207-2543